UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

P. STEVEN WAINESS, DDS, individually
and as the representative of a class,

    Plaintiff,

v.                                                               Case No. 18-12177

SMILEMAKERS, INC.,                            HON. AVERN COHN

    Defendant.
_____/

## MEMORANDUM AND ORDER DENYING
## DEFENDANT'S MOTION TO TRANSFER OR STRIKE (Doc. 14)[1]

I. Introduction

This is a case under the Telephone Consumer Protection Act (TCPA) involving "junk faxes." Plaintiff P. Steven Wainess, DDS (Wainess) is suing defendant Smilemakers[2] alleging that it received two unsolicited faxes which did not comply with the TCPA. Wainess also seeks class action status.[3]

Before the Court is Smilemakers' motion to transfer or to strike the class allegations in the complaint. For the reasons that follow, the motion will be denied.

---

    [1]Although originally scheduled for hearing, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

    [2]Wainess also originally sued Berkshire Hathaway but later dismissed them without prejudice. (Doc. 17).

    [3]Wainess filed a "Placeholder" motion for class certification (Doc. 6) which it later withdrew on stipulation. (Doc. 20).

II. Background

Wainess is a dental practice in St. Clair Shores. Smilemakers specializes in patient giveaways and practice promotion products for the dental and medial markets, such as stickers and other rewards featuring popular characters and children's themes. It is based in Spartanburg, South Carolina. Wainess has been a customer since 1994. From 1994 to 2016, Wainess made at least fifteen purchases from Smilemakers. In 2014, Oriental Trading Company acquired Smilemakers. After the acquisition, Smilemakers began sending invoices for payment which included several terms and conditions on the reverse side of the invoice. These terms included establishing Spartanburg, South Carolina as an exclusive venue for dispute resolution and a waiver of the buyer's initiation or participation in class action proceedings. From 2015 to 2016, Wainess made three purchases and each time received an invoice the back page of which contains "Terms and Conditions" in fine print. The relevant language from the "Terms and Conditions" follows:

> 6. Dispute resolution. Buyer agrees that any action brought by Buyer to resolve any claim, dispute or controversy of any nature arising out of or related to any order or transaction between Buyer and Seller or any merchandise sold or distributed by Seller or any policy, statement, representation, advertisement, promotion, offer, customer information of Seller, or these Terms and Conditions shall be brought in a court of competent jurisdiction in Spartanburg County, South Carolina and Buyer hereby consents tot the exclusive jurisdiction of such courts. All such claims, disputes, or controversies shall be resolved individually and not as part of any class action or class arbitration and the right to commence or participate in any class proceedings is specifically waived by Buyer.

III. Motion to Transfer

A. Legal Standard

Transfer of proper venue is governed by 28 U.S.C. § 1404(a), which provides

2

that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). This provision is "intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.' " Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (citing Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)). "A district court 'has broad discretion to grant or deny a motion to transfer [a] case.' " Phelps v. McClellan, 30 F.3d 658, 663 (6th Cir. 1994) (citing Cote v. Wadel, 796 F.2d 981, 985 (7th Cir.1986)).

To transfer an action under § 1404(a) the following three requirements must be met: "(1) the action could have been brought in the transferee district court; (2) a transfer serves the interest of justice; and (3) a transfer is in the convenience of the witnesses and parties." Kepler v. ITT Sheraton Corp., 860 F.Supp. 393, 398 (E.D. Mich.1994). Factors to consider in determining whether to transfer venue include:

(1) the convenience of witnesses;

(2) the location of relevant documents and relative ease of access to sources of proof;

(3) the convenience of the parties;

(4) the locus of the operative facts;

(5) the availability of process to compel the attendance of unwilling witnesses;

(6) the relative means of the parties;

(7) the forum's familiarity with the governing law;

(8) the weight accorded the plaintiff's choice of forum; and

3

(9) trial efficiency and the interests of justice, based on the totality of the circumstances.

Overland, Inc. v. Taylor, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000).

## B. Initial Comments

Absent the forum selection clause, the Eastern District of Michigan would be a proper venue for bringing this case. Wainess brought this action under the TCPA and thus the Court has subject matter jurisdiction under 28 U.S.C. § 1331. Smilemakers has not contested that the Court lacks personal jurisdiction over it. It is also clear that this case could have been brought in South Carolina. Smilemakers is located in South Carolina and the allegedly improper faxes were sent from South Carolina. See 28 U.S.C. § 1391(a). The Court must therefore consider whether the transfer serves the interest of justice and whether a transfer is in the convenience of the witnesses and parties. Kepler v. ITT Sheraton Corp., 860 F.Supp. 393, 398 (E.D. Mich. 1994).

## C. Discussion

Here, Smilemakers relies primarily, if not exclusively, on the forum selection clause found in the Terms and Conditions to argue transfer is appropriate. The forum selection clause is entitled to some weight. The Supreme Court has directed that in evaluating a motion for transfer of venue, courts should consider whether the parties agreed to an enforceable forum selection clause. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22 (1988); Kerobo v. Southwestern Clean Fuels, Corp., 285 F.3d 531, 537-38 (6th Cir. 2002). In Stewart, the Supreme Court held that "federal law, specifically 28 U.S.C. § 1404(a), governs the District Court's decision whether to give effect to the parties' forum-selection clause and transfer [the] case." Stewart, 487 U.S. at 32. A mandatory

4

forum selection clause, however, is only one factor in the analysis and "should receive neither dispositive consideration ... nor no consideration" in a district court's § 1404(a) analysis. Id. at 31. Moreover, and of significance in this case, the Supreme Court has said that "[a] contractual choice-of-forum clause should be held unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought...." M/S Bremen v. Zapata Off–Shore Co., 407 U.S. 1 (1972).

Wainess contends that Michigan courts would not enforce the forum selection clause.[4] Both parties cite to M.C.L. § 440.2207(2)(b) of the Uniform Commercial Code which provides in pertinent part:

> (1) A definite and seasonable expression of acceptance or a written confirmation which is sent within a reasonable time operates as an acceptance even though it states terms additional to or different from those offered or agreed upon, unless acceptance is expressly made conditional on assent to the additional or different terms.
>
> (2) The additional terms are to be construed as proposals for addition to the contract. Between merchants such terms become part of the contract unless:
>
>> (a) the offer expressly limits acceptance to the terms of the offer;
>> (b) they materially alter it; or
>> (c) notification of objection to them has already been given or is given within a reasonable time after notice of them is received.

---

[4]Wainess also says that the forum selection clause is not binding because it did not expressly agree to it. Wainess relies on the following language in the Terms and Conditions:
> Seller's acceptance of any order from Buyer is expressly conditioned upon Buyer's assent to the terms and conditions set forth herein and Seller expressly limits its acceptance of Buyer's order to such terms and conditions and any additional or different terms proposed by Buyer, whether oral, written or electronic are expressly rejected.

This provision appears to cover a situation where the buyer - Wainess - adds an additional or different term. In that circumstance, the seller - Smilemakers - would have to expressly consent. Here, it is the seller - Smilemakers - who added the forum selection clause. Thus, this provision does not support Wainess' argument.

M.C.L. § 440.2207(1–2).

Smilemakers says that under section 2-207, Wainess agreed to the forum selection clause by accepting goods from it. Wainess says that the forum selection clause is an additional and material term which does not become a part of the contract under 2-207. The dispositive issue is therefore whether the forum selection clause added to the back of Smilemaker's invoices "materially altered" the parties' contract or became a part of the contract. M.C.L. § 440.2207(2)(b).

Courts in this district have addressed the issue and have agreed with Wainess' argument. In <u>Metropolitan Alloys Corp. v. State Metals Industries, Inc.</u>, 416 F. Supp. 2d 561 (E.D. Mich. 2006), the defendant was a New Jersey corporation and argued that jurisdiction did not exist because the plaintiff had agreed to a New Jersey forum selection clause located on the back of defendant's sales contract. The district court noted that "[a] leading authority on contracts states 'clauses which have been deemed to materially alter a contract include a choice of forum clause ....' " <u>Id</u>. at 566 (citing 2 Williston on Contracts, § 6:22, at 6 (4th ed.) (Dec.2005 update)). The district court held that if faced with the issue, the Michigan Supreme Court would rule that a unilateral addition of a forum selection clause to a contract governed by the UCC is a material alteration of the contract that does not become part of the contract by operation of M.C.L. 440.2207(2)(b)" [UCC Section 2–207]. <u>Id</u>. at 567. The district court concluded that "[m]erely accepting delivery and reading the "Sales Contract" language would not bind [plaintiff] to all of the "terms, conditions, and prices set forth herein" and held that by operation of M.C.L. § 440.2207(2)(b) the forum selection clause did not become a

part of the parties' contract.  Id.  Other courts have reached a similar conclusion.  See Belanger, Inc. v. Car Wash Consultants, Inc., 452 F. Supp .2d 761 (E.D. Mich. 2006) (citing Metropolitan Alloys and holding that forum selection clause contained in fine print on invoice mailed to defendant after contract and installation of goods completed materially altered parties' agreement and was not binding under M.C.L. § 440.2207(2)(b)); DTE Energy Techs., Inc. v. Briggs Elec., Inc., No. 06–12347, 2007 WL 674321 (E.D. Mich. Feb. 28, 2007) (citing Metropolitan Alloys and finding forum selection clause contained in fine print attached to order acknowledgment sent to defendant after submitting order materially altered parties' contract); Cinetic Dyag Corp. v. Forte Automation Sys., Inc., No. 2:08–cv–11790, 2008 WL 4858005 (E.D. Mich. Nov.6, 2008) (district court ultimately concluded that UCC did not apply but found that if it did apply, based upon Metropolitan Alloys, forum selection clause would not be part of contract between parties under UCC 2–207) (b)(2)).  See also Barrette Outdoor Living, Inc. v. Vi-Chem Corp., No. 2:13-CV-289, 2014 WL 3579297, at *3–4 (E.D. Tenn. July 21, 2014) (citing Metropolitan Alloys and finding that consistent with Tennessee's policy of construing the UCC uniformly among jurisdictions, Tennessee courts would rule that the unilaterally included forum selection clause is a material alteration that would not become part of the contract under Tenn. Code Ann. § 47–2–207(b)(2)).

      Here, it appears that the Terms and Conditions with the forum selection clause first surfaced in the parties' contractual relationship after Smilemakers was acquired by Oriental Trading Company in 2014 and appeared in three invoices from Wainess' purchases in 2015 and 2016.  Consistent with the above authority, the Court similarly concludes that the the forum selection clause contained in fine print on the back of the

7

invoices is a material alteration and therefore is not a part of the contract between the parties. As such, transfer cannot be based on the existence of a forum selection clause.

As to the several other transfer factors, the fact that Smilemakers is located in South Carolina does not weigh in favor of transfer. A court should not transfer a case where the transfer would simply exchange the inconvenience of one party for that of the other. Superior Consulting Co., Inc. v. Walling, 851 F.Supp. 839, 845 (E.D.Mich.1994). While South Carolina may be a more convenient forum for Smilemakers, Michigan is a more convenient forum for Wainess.

Further, although Smilemakers did not brief the remaining factors, based on the Court's limited knowledge of the underlying issues in this case, it does not appear that the remaining factors weigh in favor of transfer. Neither party has presented the Court with a list of potential witnesses who will testify at trial, which the Court could review in determining the convenience of the witnesses. The forum's familiarity with the law to be applied does not favor either district inasmuch as the claim is based on federal law which either district is equally familiar with. Further, although there is no assertion with respect to access to documents, assuming that the faxes originated in South Carolina, they arrived in Michigan. This case involves the business relationship between a South Carolina company and a Michigan company and both states have a legitimate claim the locus of the operative facts. Finally, the Court considers one remaining factor, which is that Wainess initially brought this action in Michigan. Courts generally grant deference to a plaintiff's chosen forum, especially where, as here, the plaintiff resides in his chosen jurisdiction. See Thomas v. Home Depot, U.S.A., Inc., 131 F. Supp. 2d 934, 937 (E.D.

Mich. 2001). In light of all these considerations, Smilemakers has not met its burden of persuading the Court that South Carolina is a more convenient forum. The request to transfer must be denied. See Catalano v. BRI, Inc., 724 F. Supp. 1580, 1583 (E.D. Mich. 1989) ("Unless the balance of conveniences is strongly in favor of the defendants, plaintiffs' choice of forum should not be disturbed.") (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (1947)).

IV. Motion to Strike

A. Legal Standard

Fed. R. Civ. P. 12(f) provides that, sua sponte or on motion of a party, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Sixth Circuit has stated that "because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts. It is a drastic remedy to be resorted to only when required for the purposes of justice." Brown & Williason Tobacco Corp. v. United States, 201 F.2d 819, 822 (1953) (citations omitted). The Sixth Circuit further advised that "[a] motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." Id.

"A motion to strike class allegations is not a substitute for class determination and should not be used in the same way." Faktor v. Lifestyle Lift, 2009 WL 1565954, at *2 (N.D. Ohio June 3, 2009). Such motions are generally premature because "[w]ithout further insight into the facts, the Court lacks the foundation to conduct the 'rigorous analysis' required by Rule 23 and determine the appropriateness of class certification."

9

Geary v. Green Tree Servicing, LLC, 2015 WL 1286347, at *17 (S.D. Ohio Mar. 20, 2015).

B. Discussion

Smilemakers has not shown that Wainess' class allegations should be stricken based on the waiver provision. Smilemakers has not argued that the complaint contains "redundant, immaterial, impertinent, or scandalous" allegations. Rather, Smilemakers contends, under the guise of a motion to strike, that Wainess cannot bring a class action against Smilemakers in light of the waiver provision

Putting aside Wainess' argument that the class action waiver, like the forum selection clause, is an additional material terms which is not part of the contract under section 2-207, the issue of whether the class action waiver is valid is far from clear. One district court has held in the context of a claim under the Fair Labor Standards Act that "class waivers without an arbitration provision are not valid." Hall v. U.S. Cargo & Courier Serv., LLC, 299 F. Supp. 3d 888, 892 (S.D. Ohio 2018) (citing Killion v. KeHE Distrib., LLC, 761 F.3d 574, 592 (6th Cir. 2014), cert denied, --- U.S. ---, 135 S. Ct. 1745 (2015)).

Smilemakers cites Am. Express Co. v. Italian Colors Rest., 570 U.S. 228 (2013), to support its argument that the class action waiver is enforceable. The issue in Am. Express was "whether a contractual waiver of class arbitration is enforceable under the Federal Arbitration Act when the plaintiff's cost of individually arbitrating a federal statutory claim exceeds the potential recovery." Id. at 231. The Supreme Court held that, under the Federal Arbitration Act ("FAA"), the courts must "'rigorously enforce' arbitration agreements according to their terms," including "the rules under which that

arbitration will be conducted." Id. at 233. The "rules under which that arbitration will be conducted" in Am. Express precluded class arbitration, and the Supreme Court enforced that rule. Id.

Unlike the above authority, there is no arbitration agreement at issue in this case. The additional "Terms and Conditions" on the back of the three invoices Smilemakers relies on do not call for arbitration of any claims. Rather, the waiver provision purports to require that any claims be filed individually in a court of competent jurisdiction in Spartanburg, South Carolina. Far from requiring arbitration under certain rules, thus implicating the FAA, the additional terms and conditions prohibit arbitration and require adjudication by a court. Neither party has cited a case in which a court considered whether a class action waiver unaccompanied by an arbitration provision is valid in a case claiming a violation of the TCPA. In any event, Smilemakers' argument is more appropriate as a response to a motion for class certification.

V. Conclusion

For the reasons stated above, Smilemakers' motion is DENIED. The Clerk shall schedule a status conference with the parties to chart the future course of the case.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 12/27/2018
    Detroit, Michigan