UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| P. STEVEN WAINESS, DDS, a Michigan resident, individually and as the representative of a class of similarly-situated persons,<br><br>         Plaintiff,<br><br>v.<br><br>SMILEMAKERS, INC., a South Carolina corporation,<br><br>         Defendant. | Civil Action No. 2:18-cv-12177<br><br>Hon. Avern Cohn |

## PROTECTIVE ORDER CONCERNING DISCLOSURE AND USE OF CONFIDENTIAL DISCOVERY MATERIALS

Plaintiff, P. STEVEN WAINESS, DDS, and Defendant, SMILEMAKERS, INC., through their undersigned counsel, hereby agree and stipulate to the entry of this Stipulated Protective Order ("Protective Order" or "Order").

1.     **Scope.** All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Protective Order.

2.     **CONFIDENTIAL.** Any party to this action and any third party may designate as CONFIDENTIAL the following material: (a) answers to interrogatories, requests for production, or requests for admission; (b) deposition

testimony; and (c) documents produced by it or made available for inspection. Materials designated as CONFIDENTIAL is hereinafter referred to as "Protected Information."

  a. <u>Information Designated "CONFIDENTIAL"</u>. A party or third party may designate material as CONFIDENTIAL if it makes a good faith determination that the material or information falls within one or more of the following categories: (i) information prohibited from disclosure by statute; (ii) information that reveals trade secrets; (iii) research, technical, commercial, or financial information that the party has maintained as confidential; (iv) medical information concerning any individual; (v) personal identifying information (as defined below); (vi) private, non-public income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (vii) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Protected Information.

  3. **Designation of Documents.** Documents may be designated as CONFIDENTIAL by designating them as such in the following manner:

  a. In the case of documents or other materials (apart from depositions or other pretrial testimony): by stamping or otherwise marking each page of the document to be protected with the appropriate confidentiality designation and

with the identity of the producing party, or by written notice identifying the Bates range of documents to be designated; and

        b.    In the case of electronic documents produced in native format, by written notice identifying the documents to be designated.

    4.    **Designation of Depositions.** Deposition or other oral testimony given in this case may be designated as CONFIDENTIAL by any party or third party either (a) during the deposition or proceeding during which the testimony is given, or (b) by written notice to the court reporter and to all counsel of record, within thirty (30) business days after receipt by the designating party of the certified transcript, delivered by the court reporter, of the deposition or proceeding during which the testimony is given, specifying the portions of the transcript to be protected by this Order. Unless otherwise ordered by the Court, the designating party must have the right to have all persons, except the witness, his or her counsel, the court reporter, and such other persons authorized to receive the designating party's Protected Information pursuant to this Protective Order excluded from a deposition or proceeding, or any portion thereof, during the taking therein of testimony which has been so designated. The court reporter must mark the cover of the original and all copies of the transcript or the portion of the transcript containing testimony designated as CONFIDENTIAL with the appropriate legend. The parties may alter

this designation protocol if agreed to in writing or on the deposition record in advance of the designation.

5. **Belated Designation.** Notwithstanding the provisions to timely designate Protected Information under the foregoing paragraphs 3 and 4 for documents that are produced after the entry of this Protective Order, the inadvertent failure to designate any information as CONFIDENTIAL will not be deemed to waive a later claim that such information is Protected Information, and nothing contained herein precludes a party or a third party from later changing an initial designation and notifying the other parties in writing of that change; provided, however, that it will not be deemed a breach of this Protective Order for any action to have been taken by a party or its counsel with respect to such information consistent with the original designation or non-designation of such information prior to receipt of such notice. A person receiving such written notice must make every reasonable effort to retrieve any such materials from persons not authorized to receive them pursuant to this Protective Order.

6. **Access to CONFIDENTIAL Materials.**

   a. <u>General Protections.</u> Protected Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof. Unless a class has been certified, except as set forth in

subparagraph (viii), Protected Information may be disclosed only to the named plaintiff(s) and not to any other member of the putative class.

      b.    <u>Limited Third-Party Disclosures.</u> The parties and counsel for the parties shall not disclose or permit the disclosure of any Protected Information to any third person or entity except as set forth in subparagraphs (i)-(xi). Subject to these requirements, the following categories of persons may be allowed to review Protected Information:

    (i.)    *The Court and its personnel*;

    (ii.)    *Counsel.* Counsel for a party (including inside counsel for any party) and employees of such outside counsel who are actively involved in the litigation;

    (iii.)    *Employees of a Party.* Employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

    (iv.)    *Consultants and Experts.* Consultants, investigators, and testifying experts employed by the parties or counsel for the parties to assist in the preparation and trial of this

       action but only after such persons have executed a copy of the Acknowledgement attached as Exhibit A;

(v.) *Witnesses at Depositions.* During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Protected Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts;

(vi.) *Court Reporters and Recorders.* Court reporters and videographers, solely for the purpose of transcribing and/or recording testimony in the litigation;

(vii.) *Contractors.* Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents. Such persons must execute copy of the Acknowledgment attached hereto as Exhibit "A";

(viii.) *Putative Class Members.* Any putative class member if the information is about that putative class member and

only after the putative class member has executed a copy of the Acknowledgment attached hereto as Exhibit "A";

(ix.) *Author or recipient.* The author or recipient of the document (not including a person who received the document in the course of litigation);

(x.) *Mediators and Arbitrators.* Mediators and Arbitrators retained to mediate or arbitrate this matter (or any portion thereof); and

(xi.) *Others by Consent.* Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

c. <u>Disclosure of Putative Class Member Identifying Information.</u> In the course of discovery in this case, Defendants may disclose documents that contain the names, home addresses, email addresses, telephone numbers, facsimile numbers and other personal identifying information of putative class members ("Personal Identifying Information"). In addition to the protections afforded to documents designated "CONFIDENTIAL" as set forth herein, the disclosure of Personal Identifying Information is subject to the following restrictions:

(i.) Documents containing Personal Identifying Information may not be disclosed by Counsel for Plaintiff to any

7

person or entity except in accordance with the definition of Counsel as described in section 6(b)(ii) above. Counsel for Plaintiff may not disclose any Personal Identifying Information to any person or entity as set forth in section 6(b) above without the prior express written permission of Counsel for Defendants or if disclosure is expressly authorized by Court Order.

(ii.) Documents containing Personal Identifying Information shall not be used or disclosed by Counsel for Plaintiff for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

(iii.) Counsel for Plaintiff is expressly prohibited from personally contacting, or having someone else contact, by telephone, email, in-person, facsimile, written correspondence, or in any other manner, any putative class member without the prior express written consent of Counsel for Defendants or if expressly authorized by Court Order.

7. **Filing Protected Information.** All documents, briefs, and other papers containing, referring to, or otherwise disclosing Protected Information that are filed with the Court must be filed under seal pursuant to E.D. Mich Local Rule 5.3 and in accordance with the standards set forth in *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). All such documents filed with the Court must be conspicuously marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" before such filing. A party seeking to submit Protected Information to the Court (the "Movant") must first file and serve a motion to allow under seal filing ("Motion to Seal") pursuant to Local Rule 5.3.

8. **Conclusion of the Litigation.**

   a. <u>Order Continues in Force.</u> Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

   b. <u>Obligation at Conclusion of Litigation.</u> Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, all Protected Information under this Order, shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure or the court has refused to grant a motion to seal; (2) the parties agree to destruction to the extent practicable in lieu of return and agree that the receiving party shall destroy documents containing Protected Information and certify the fact of

destruction, and that the receiving party shall not be required to locate, isolate and return e-mails (including attachments to e-mails) that may include Protected Information, or Protected Information contained in deposition transcripts or drafts or final expert reports; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

    c. <u>Retention of Work Product and one set of Filed Documents.</u> Notwithstanding the above requirements to return or destroy documents, but excepting documents containing Personal Identifying Information (irrespective of whether the documents qualify as attorney work product), counsel may retain (1) attorney work product, including an index that refers or relates to designated Protected Information so long as that work product does not duplicate verbatim substantial portions of Protected Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Protected Information shall continue to be protected under this Order. An attorney may use his or her work product, provided that its use does not disclose or use Protect Information.

    d. <u>Notice of Destruction.</u> Each party must give written notice of any destruction under this Paragraph 9 to all counsel.

9. **Contested Designations.** To the extent possible, the party or third party designating the information as CONFIDENTIAL must designate only the portion of the discovery response, transcript, or documents containing the CONFIDENTIAL information. In the event that any party requests that another party or non-party specifically designate which portion or portions of information contained in a marked document are CONFIDENTIAL, as opposed to non-confidential, the party or non-party must designate the specific contents by either bracketing the CONFIDENTIAL portions of the document or testimony, or by otherwise informing the requesting party in writing of the specific designations thereof. A party is not obligated to challenge the propriety of designating any Protected Information at the time such designation is made, and failure to do so does not preclude a subsequent challenge thereto. In the event that a party disagrees at any stage of these proceedings with the designation by the producing party of any information as CONFIDENTIAL, the parties must first meet and confer to address the dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the designation as CONFIDENTIAL may seek appropriate relief from this Court, and must do so promptly upon notification of a dispute that cannot be resolved by agreement. All Protected Information will remain under the protection of this Order until otherwise ordered by the Court.

10. **Trial Procedures.** Nothing in this Protective Order restricts the ability of the parties to present Protected Information in the trial of the Litigation to the trier-of-fact. Upon the request of a party, the Court may implement appropriate procedures to protect Protected Information which may be disclosed at the trial or any hearing in this matter consistent with the spirit and scope of this Protective Order, and in compliance with *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016).

11. **Protected Information Subpoenaed or Ordered Produced in Other Litigation.**

    a. <u>Notice to Producing Party.</u> If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Protected Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than seven (7) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

    b. <u>Notice to Requesting Party.</u> The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy

of this Order promptly to the party in the other action that caused the subpoena to issue.

   c. <u>Party in Receipt of a Subpoena or Order Seeking Production of Protected Information Has No Obligation to Disobey or Challenge the Subpoena or Order.</u>  The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Protected Information from disclosure pursuant to the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Protected Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.  The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Protected Information by the other party to this case.

  12. **Modification.** Stipulations may be made between counsel for the respective parties as to the application of this Protective Order to specific situations provided that such stipulations are recorded in writing or contained in the record of any oral proceeding. Nothing contained herein precludes any party from seeking an order of the Court modifying or supplementing this Protective Order.

  13. **Advice to Clients.**  Nothing in this Order bars or otherwise restricts any attorney herein from rendering advice to his or her client with respect to the

Litigation and, in the course thereof, referring to or relying upon his or her examination of CONFIDENTIAL information; provided, however, that in rendering such advice and in otherwise communicating with his or her client, the attorney may not disclose the content of any CONFIDENTIAL information to anyone not authorized to receive such information.

14. **No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that is requires protection greater than that afforded by this Order unless the party moves for a Court Order providing such protection.

15. **Interim Effect.** This Protective Order will be submitted to the Court for approval and, following approval, will continue in effect until further order of this Court. For the purpose of proceeding with discovery without delay, any Protected Information produced under the terms of this Protective Order must be protected by the parties pursuant to these terms pending the Court's approval of this Protective Order.

SO ORDERED:

Dated: October 8, 2019                  s/AVERN COHN
                                                  Hon. Avern Cohn

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| P. STEVEN WAINESS, DDS, a Michigan resident, individually and as the representative of a class of similarly-situated persons,<br><br>    Plaintiff,<br><br>  v.<br><br>SMILEMAKERS, INC., a South Carolina corporation,<br><br>    Defendant. | Civil Action No. 2:18-cv-12177<br><br>Hon. Avern Cohn |

## EXHIBIT "A" TO STIPULATED PROTECTIVE ORDER

  The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order Concerning Disclosure and Use of Confidential Discovery Materials ("Order") relating to the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Eastern District of Michigan in matters relating to the Order and understands that the terms of the Order obligate him/her to use materials designated as Protected Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Protected Information to any other person, firm or concern.

  The undersigned acknowledges that violation of the Order may result in penalties.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

          _____

_____

Date: _____    _____

                                                                   Signature